IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joshua Lynn Robinson, ) | C/A No. 6:24-cv-04733-DCC-KFM |
| ) | |
| Petitioner, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Director Greenville County Detention ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

  The petitioner, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 28 U.S.C. § 2241 seeking habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

  The petitioner's petition was entered on the docket on August 29, 2024 (doc. 1). By order dated September 11, 2024, the petitioner was given an opportunity to provide the necessary information to bring the case into proper form, including paperwork regarding payment of the filing fee (doc. 5). The petitioner complied with the Court's order, bringing his case into proper form. During this same time, the petitioner filed an amended petition (doc. 10) Nevertheless, for the reasons set forth below, it is recommended that the petitioner's § 2241 amended petition be dismissed without prejudice and without requiring the respondent to file an answer or return.

## **ALLEGATIONS**

  This is an action filed by the petitioner, a pretrial detainee at the Greenville County Detention Center (the "Detention Center") (doc. 10). Of note, the petitioner's claims in this action appear related to the petitioner's pending charges in the Greenville County

Court of General Sessions for two counts of domestic violence first degree.[1]  *See* Greenville County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (enter the petitioner's name and 2021A2320500775, 2021A2320500776) (last visited September 24, 2024).  The petitioner also has other pending charges that appear unrelated to the instant action: two counts of resisting arrest and one count of breach of peace.  *See* Greenville County Public Index (enter the petitioner's name and 2023A2330210443, 2024A2330202682, 2024A2330202683) (last visited September 24, 2024).

The petitioner alleges that his rights are being violated in his pending criminal proceedings (doc. 10).  Ground one for relief is that the petitioner's Fourteenth Amendment due process rights have been violated in his pending criminal charges (*id*. at 4).  Ground two for relief is that the petitioner's attorney has denied him access to effective counsel (*id*.).  Ground three for relief is that Judge Hiles committed perjury (*id*.).  The petitioner's fourth ground for relief is that Officer Kimbler (who used to work as an officer with the Greer Police Department) committed perjury (*id*. at 5).  For relief, the petitioner seeks release from pretrial detention and requests a federal investigation into his evidence of misconduct by state authorities involved in his criminal prosecution (*id*.).

## STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes.  As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The mandated liberal

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Here, as noted above, the petitioner seeks release from pretrial detention and to have a federal investigation into his evidence of wrongdoing by individuals involved in his pending state criminal charges (doc. 10). For the reasons that follow, the instant matter should be dismissed.

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. *See, e.g.*, *Preiser*, 411 U.S. at 484–85. A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *but only after fully exhausting the available state court remedies*. 28 U.S.C. § 2241(c)(3) (emphasis added); *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (noting that "[u]ntil the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotations omitted)); *see also Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Watkins v. Cartlege*, C/A No. 3:13-cv-01129-CMC, 2013 WL 3282913, at *4 (D.S.C. June 26, 2013) ("Hence, pretrial detainees involved in state criminal proceedings who seek to bring challenges to their custody pursuant to § 2241, as well as state prisoners who seek to challenge their custody on any basis that

may properly be raised pursuant to § 2241, must first exhaust their state-court remedies before seeking federal habeas corpus relief."). Additionally, a petitioner must show the existence of special circumstances to justify federal intervention. *Johnson v. Salmon*, C/A No. 7:22-cv-00081, 2022 WL 446033, at *1 (W.D. Va. Feb. 14, 2022) (internal citations omitted).

Here, as noted above, the petitioner's criminal charges are still pending – with the most recent filings indicating that the petitioner has recently requested the appointment of new counsel (this would be the petitioner's fifth request for new counsel) and the petitioner has filed several motions seeking dismissal of his charges. *See* Greenville County Public Index (enter the petitioner's name and 2021A2320500775, 2021A2320500776) (last visited September 24, 2024). Further, the petitioner has not asserted in his petition that he has exhausted his remedies in the trial and appellate courts. For example, the publicly available filings with the South Carolina Court of Appeals and the South Carolina Supreme Court do not reflect any filing by the petitioner seeking relief based upon the allegations raised in the instant matter. As such, the petitioner has not exhausted his remedies in the state trial and appellate courts, and as outlined below, has alleged no exceptional circumstances sufficient to excuse this failure. Thus, the undersigned recommends dismissal of the petition without prejudice.

Alternatively, the court may not proceed with this action because federal courts cannot interfere with a State's pending criminal proceedings, absent extraordinary circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–45; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining

4

the circumstances when *Younger* abstention is appropriate). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the first criterion is met, as the petitioner is involved in ongoing state criminal proceedings. As for the second criterion, the Supreme Court has stated that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, the petitioner has the opportunity to argue in the South Carolina state court proceedings that his attorney has been ineffective, that documents have been falsified to incriminate him, and that his charges should be dismissed. In light of the foregoing, the petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). In examining extraordinary circumstances, federal courts have essentially analyzed whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention – meaning no extraordinary circumstances are shown where a threat to the petitioner's rights may be remedied by an assertion of an

5

appropriate defense in state court, such as that the petitioner's counsel has been ineffective or that documents relied on by the state are fraudulent (as alleged herein). Even presuming that the petitioner seeks relief based on inordinate delay (because some of his charges were filed in 2021 and some in 2023) – ignoring the extra time the charges have been pending because the petitioner has repeatedly requested the assignment of new counsel – he has failed to demonstrate "special circumstances" to justify federal court interference in his pending criminal charges. *See Rose v. Demory*, C/A No. 4:23-cv-00130-HMH-TER, 2023 WL 2394398, at *3 (D.S.C. Feb. 15, 2023) (rejecting claims of inordinate delay when charges had been pending for multiple years), *report and recommendation adopted by* 2023 WL 2388713 (D.S.C. May 7, 2023), *appeal dismissed* 2023 WL 4197981 (4th Cir. 2023). Therefore, to the extent the petitioner seeks dismissal of his pending charges and to be released from pretrial detention, this court should abstain from hearing this action.

## **RECOMMENDATION**

The undersigned is of the opinion that the petitioner cannot cure the defects identified above by amending his amended petition. Therefore, the undersigned recommends that the district court dismiss this action without requiring the respondent to file an answer or return.[2] *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final

---

[2] The petitioner cannot cure the deficiencies noted herein at this time; however, dismissal without prejudice is recommended because the Court of Appeals has held that dismissals for lack of subject-matter jurisdiction must be without prejudice. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

and appealable"). ***The petitioner's attention is directed to the important notice on the next page.***

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald  
United States Magistrate Judge

September 24, 2024  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).