IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No. 6:24-cv-04733-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director Greenville County Detention Center, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's pro se amended Petition. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 24, 2024, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 15. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Petitioner filed objections. ECF No. 17.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge determined that this action is subject to summary dismissal because Petitioner has not exhausted his administrative remedies and has not alleged exceptional circumstances sufficient to excuse this failure and, alternatively, pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Magistrate Judge determined that abstention is appropriate based upon the relevant three-part test and that there are no special circumstances present to justify federal habeas review.

In his objections, Petitioner contends that he has exhausted his administrative remedies. He further alleges extraordinary circumstances are present here because his phone was blocked for 45 days. He seems to allege that his defense attorney conspired with the prosecutor to coerce him into taking a plea. He also makes a claim for deliberate indifference to serious medical needs related to a dog bite during his arrest.

Upon de novo review, the Court agrees with the Magistrate Judge that Petitioner's claims are subject to abstention pursuant to Younger. From Younger and its progeny,

the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

    The first two factors are met as Petitioner is involved in ongoing state criminal proceedings and the Supreme Court has stated that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). With respect to the third factor, the Court also finds that it has been met in this instance. The Supreme Court has stated "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Indeed, Petitioner has the opportunity to argue that his counsel has been ineffective, that documents have been falsified, that his attorney conspired against him, and that his phone was blocked in his ongoing criminal case. Further, the Court agrees with the Magistrate Judge that Petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state

proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, abstention is appropriate in this action.

To the extent Petitioner raises claims that constitute deliberate indifference to serious medical needs claims, those allegations are inappropriate for federal habeas review. *See, e.g., Duren v. McFadden*, No. CV 1:16-3756-MBS-SVH, 2017 WL 1900277, n.3 (D.S.C. Feb. 28, 2017), *report adopted,* 2017 WL 1881343 (D.S.C. May 9, 2017).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge. Accordingly, the Petition is **DISMISSED** without prejudice, without requiring Respondent to file a return, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

October 24, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.